## SUPREME COURT—IN BANCO.

### APRIL TERM—1876.

*Harris and Judd, J. J.*

John H. Coney *vs.* James I. Dowsett,—Appeal from the Police Court.

A LEASE dated July 15th, 1851, "for twenty-five years from this day forward," does not terminate until twenty-five years from that date, although the term is described in the lease as "to commence to run from the 7th March, 1851."

If an ambiguity exists in a lease, such a construction must prevail, as is most strong against the covenanter.

#### OPINION BY JUDD, J.

This is an action of trespass, in which damages are claimed for that the defendant's cattle trespassed on "Waimanalo" in Honouliuli, Oahu, the land of the plaintiff.

The defendant put in a lease of the said land from M. Kekauonohi and J. H. S. Haalelea to John Meek. It is agreed that the plaintiff represents the lessors, and the defendant the lessee in said lease. The lease is dated July 15th, 1851; its material parts are as follows:

"And John Meek and his heirs and assigns shall occupy this land and enjoy as his own the rights and benefits belonging to it, without his occupation of said land being interfered with, for twenty-five years from this day forward." * *

"This lease shall commence to count (or run) from the 7th day of March, A. D. 1851, in accordance with a lease made on that day between M. Kekauonohi and John Meek and William Wond, and because William Wond has abandoned it, all of the rights belong to John Meek alone, in accordance with this lease."

The question is,—is the termination of the lease twenty-five years from the date of its execution, July 15th, 1851, or twenty-five years from March 7th, 1851 ?

The first quotation above made from the lease, distinctly carves out the term of enjoyment as being " twenty-five years from this day forward," " this day " meaning the day of execution; the second quotation prescribes that the lease shall *commence* to run from the 7th day of March, 1851, a day which had passed, and on which a previous lease had been made between the same parties as lessor and John Meek and William Wond as lessees.

The intention of the parties is to be gathered from the whole instrument, and if this cannot be discovered, but " there exists an ambiguity, then such construction must prevail as is most strong against the covenanter, for he might have expressed himself more clearly."

Folts *vs.* Huntley,. 7 Wend., 213. Webt *vs.* Dixon, 9 East., 15.

There does not, however, appear to us to be any patent ambiguity in this lease, for although it says that the lease shall commence to run from March 7th, 1851, this may mean that rent was to be paid from that date, or it may have been inserted for the purpose of recognizing the tenancy or possession of Meek from that date, so that he could not be held liable as a trespasser. The lease then commences on the 7th of March, 1851, but it is to continue for twenty-five years from July 15th of that year, and will not therefore expire until the 15th day of July, 1876. Judgment for defendant.

E. Preston for plaintiff.

A. S. Hartwell for defendant.

Honolulu, April 15th, 1876.